Edward J. Maney, Trustee
P.O. Box 10434
Phoenix, Arizona 85064
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 PROCEEDINGS |
| | ) | |
| GENY L. CHAMBERLAIN, | ) | B-07-05514-PHX-JMM |
| | ) | |
| | ) | DISMISSAL ORDER |
| _____ Debtor(s) _____ | ) | |

It having been shown to the Court that the Debtor(s) has failed to comply with the Court requirement concerning:

Failure to <u>fully</u> comply with the Trustee's Recommendations dated June 5, 2008 [items #7, #8, #9] and submission of the Stipulated Order Confirming the Chapter 13 Plan or set a hearing before the Court.   As of the date of this Dismissal, no current Motions to Extend Time appear on the Court Docket and these item(s) have not been addressed and plan payments are delinquent $350.50.

Now Therefore, IT IS ORDERED THAT:

1.      This case is dismissed and the Clerk of the Court will give notice of the dismissal to all creditors;

2.      A Motion to Reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order.  If the Trustee does not approve reinstatement of the case, the matter may be set for hearing upon the Debtor(s)' motion.  The Court may set a hearing on the Debtor(s)' motion to reinstate on the request of an interested party who had joined the Trustee's request for dismissal;

3.      Pursuant to 28 U.S.C. §586(e)(2), the Trustee shall be paid his percentage fee from all payments received from the Debtor(s);

4.    After payment of the Trustee's percentage fee, the Trustee will retain the Debtor(s)' funds pending Court approval of the payment of administrative expenses of the Debtor(s)' attorney.  If the Debtors' Chapter 13 Plan contained an Application for Payment of Administrative Expenses to the Debtor(s)' attorney and no party filed an objection to the Application, then the Debtor(s)' attorney may lodge an Order approving the Application within ten (10) days after the Court enters this Dismissal Order.  Alternatively, the Debtor(s)' attorney has ten days from the Court entering this Dismissal Order to file a separate fee application;

5.    If the Court previously entered a payroll deduction order on one or both of the debtors' wages, then the Court vacates that order; and

6.    Except as may be stated herein, all pending adversary proceedings, contested matters, and administrative hearings related to this case are vacated

DATED [see electronic signature]

_____
U. S. BANKRUPTCY JUDGE

Copies of the forgoing
Mailed [see electroni signaute]
to the following:

Geny Chamberlain
7164 W. Flower St.
Phoenix, AZ 85033
Debtor


Gary R. Stickell, Esq.
301 E. Bethany Home Rd.
Suite B100
Phoenix, Arizona 85012
Debtors' counsel


By:_____
      Clerk, Chapter 13 Trustee